UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GARY SWARTHOUT,<br><br>　　　　　Respondent. | Case No.: 1:13-cv-01547-JLT<br><br>ORDER PERMITTING PETITIONER TO FILE TRAVERSE OR WAIVER OF TRAVERSE<br><br>15-DAY DEADLINE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on September 25, 2013. (Doc. 1). On October 3, 2013, Petitioner filed a first amended petition. (Doc. 6). On February 13, 2014, Respondent filed the answer. (Doc. 20). Subsequently, Petitioner sought and obtained five extensions of time to file the traverse. In granting the last of those requests, the Court noted that no further extensions of time will be granted absent a showing of extraordinary circumstances. (Doc. 29).

On July 28, 2014, Petitioner filed a motion to dismiss without prejudice the first amended petition on the grounds that he was unable to file the traverse because transcripts of Petitioner's trial were sent by his trial attorney to the wrong prison. (Doc. 32). On August 27, 2014, Petitioner filed a second motion to dismiss the first amended petition without prejudice, again based on the fact that his

1

trial attorney had sent the trial transcripts to the wrong prison and Petitioner maintains that he needs those transcripts to file his traverse. (Doc. 36).

### DISCUSSION

At this juncture, Petitioner has three options. First, Petitioner can insist on dismissal of his first amended petition without prejudice. If Petitioner insists on this option, the Court will grant the motions for dismissal. However, Petitioner should be aware that federal habeas law imposes a one-year statute of limitations on the filing of a federal petition. The one-year period is tolled by properly filed state habeas petitions. The one-year period, however, is ***not tolled*** by the pendency of a federal habeas petition, such as the instant petition. In other words, if the first amended petition is dismissed and Petitioner files a new petition at a later date, if that later petition is not filed within one year from the date Petitioner's direct appeal became final, absent applicable tolling, it would be untimely.

Petitioner's second option is to file a traverse within 15 days. The Court is aware that Petitioner does not have the trial transcripts in his possession. However, the issues raised in this petition are legal in nature and, while fact-dependent, the facts on which those legal issues depend are not normally contested by the parties. Put another way, in addressing the merits of Petitioner's claims, the Court must decide whether, on essentially uncontroverted facts in the record including the trial transcript, Petitioner's federal constitutional rights were violated. Specifically, Petitioner contends that he was denied the effective assistance of counsel on various grounds. In the Court's view, Petitioner having access to the trial transcript it is not absolutely necessary to draft a traverse to the "legal" arguments made by Respondent.

Petitioner's third option is simply to waive the filing of the traverse. There is no requirement that a traverse be filed and, indeed, Petitioner is not permitted to raise new arguments in the traverse that were not raised in the petition, in any event. If Petitioner chooses to waive the filing of a traverse, the Court will decide the merits of Petitioner's claims upon the arguments already made.

It is up to Petitioner which option he chooses. The Court will permit Petitioner to file his traverse within 15 days of the service of this Order. In lieu of filing a traverse, Petitioner may file a waiver of the traverse, in which case the Court will proceed to the merits of Petitioner's claims. If no waiver or traverse is filed, then the Court will grant Petitioner's motions to dismiss.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Within 15 days of the date of service of this Order, Petitioner may file either the traverse or file a waiver of the traverse;

2. Petitioner's failure to file either of these documents within 15 days will be construed by the Court as Petitioner's renewed request to have the Court grant his motions to dismiss.

IT IS SO ORDERED.

Dated:   **September 8, 2014**                    /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE