UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWS,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>    Respondent. | Case No.: 1:13-cv-01547-JLT<br><br>ORDER GRANTING PETITIONER'S MOTION TO DISMISS (Docs. 32 & 36)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have submitted their written consent to the jurisdiction of the Magistrate Judge for all purposes. (Docs. 11 & 13).

**PROCEDURAL HISTORY**

The instant petition was filed on September 25, 2013. (Doc. 1). On October 3, 2013, Petitioner filed a first amended petition. (Doc. 6). On February 13, 2014, Respondent filed the Answer. (Doc. 20). Subsequently, Petitioner sought and obtained five extensions of time to file the Traverse. In granting the last of those requests, the Court noted that no further extensions of time will be granted absent a showing of extraordinary circumstances. (Doc. 29).

On July 28, 2014, Petitioner filed a motion to dismiss without prejudice the first amended petition on the grounds that he was unable to file the traverse because transcripts of Petitioner's trial

1

were sent by his trial attorney to the wrong prison. (Doc. 32). On August 27, 2014, Petitioner filed a second motion to dismiss the first amended petition without prejudice, again based on the fact that his trial attorney had sent the trial transcripts to the wrong prison and Petitioner maintains that he needs those transcripts to file his Traverse. (Doc. 36).

On September 8, 2014, the Court issued an order advising Petitioner that, should the instant petition be dismissed, any subsequent petition that Petitioner might file may be barred by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEPDA"). The order gave Petitioner the option of (1) filing his traverse within fifteen days, (2) filing a written waiver of the filing of the traverse, or (3) doing nothing, in which case the Court would grant his motions to dismiss. (Doc. 38). To date, Petitioner has filed no response to the Court's September 8, 2014 Order. Accordingly, the Court will grant Petitioner's motions to dismiss.

**DISCUSSION**

Subject to other provisions of law, a petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except upon order of the Court and upon such terms and conditions as the court deems proper. Id.

Here, Respondent filed his answer on February 13, 2014. (Doc. 20). Accordingly, the latter provisions of Rule 41(a) apply. Petitioner requests dismissal of the petition because he wishes to obtain the transcripts of his state court proceedings before continuing with his habeas claims. The Court has already indicated to Petitioner that he could prepare his traverse without reference to the state court transcripts; alternatively, the Court indicated Petitioner could simply waive filing of the traverse and proceed on the instant petition and answer. Petitioner, however, has chosen to proceed with dismissal, despite the Court's advisement that a future petition may be time-barred by the AEDPA's one-year statute of limitations. Based on the foregoing, the Court will grant Petitioner's two motions to dismiss.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28

U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.   Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Petitioner's motions to dismiss (Docs. 32 & 36) are GRANTED;
2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice;

3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **November 21, 2014**          **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE